IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| FIDEL DAVIS, TDCJ #1689557, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> TEXAS DEPARTMENT OF CRIMINAL § <br> JUSTICE — CORRECTIONAL § <br> INSTITUTIONS DIVISION, § <br> § <br> Defendant. § | CIVIL ACTION NO. H-15-1341 |

## MEMORANDUM OPINION AND ORDER

The plaintiff, Fidel Davis (TDCJ #1689557), is currently incarcerated at the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ"). Davis originally filed this civil action under 42 U.S.C. § 1983 in the United States District Court for the Eastern District of Texas, which recently transferred his claims against TDCJ to this court.[1] Because Davis is a prisoner, the court is required to scrutinize the claims and dismiss the complaint in whole or in part if it determines that the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted;" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). After reviewing Davis's complaint as required, the court will dismiss this action for the reasons explained below.

---

[1] This case was filed originally against several defendants, including Officer C. Phillips, Warden Jeff Café, and Judge Larry Gist. Only those claims against the Texas Department of Criminal Justice were transferred to this court.

## I. Background

Davis is presently incarcerated by TDCJ at the Telford Unit. Davis alleges that TDCJ officials in Huntsville, Texas, wrongfully refused to lift a "parole hold" in 2008 while he was serving a three-year prison sentence.[2] (Complaint Under 42 U.S.C. § 1983, Civil Rights Act, Docket Entry No. 1, pages 3, 4) As a result, Davis claims that he served an extra five-and-a-half months before he was released on parole. Davis seeks nominal, compensatory, and punitive damages for the extra time he was forced to serve. Id. at 4.

## II. Discussion

The plaintiff proceeds pro se in this case. Courts construe pleadings filed by pro se litigants under a less stringent standard of review. See Haines v. Kerner, 92 S. Ct. 594 (1972). Under this standard "[a] document filed *pro se* is 'to be liberally construed,' Estelle [v. Gamble, 97 S. Ct. 285, 292 (1976)], and 'a pro se

---

[2] Davis does not identify the exact sentence at issue. Public records reflect that Davis is in custody as the result of several felony convictions from Jefferson County, Texas, including: a 2004 conviction for possession of a controlled substance (cocaine) in case number 88733; a 2004 conviction for evading arrest with a vehicle in case number 91221; a 2008 conviction for evading arrest with a vehicle in case number 96106; a 2008 conviction for possession of a controlled substance (cocaine) in case number 96176; a 2008 conviction for possession of a controlled substance in case number 96107; a 2010 conviction for possession of a controlled substance in case number 09-6329; and a 2010 conviction for evading arrest with a vehicle in case number 09-6755. See Texas Dep't of Criminal Justice - Offender Information Details at http://offender.tdcj.texas.gov (last visited May 20, 2015).

complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007). Even under this lenient standard, the complaint must be dismissed because Davis's claims are barred by the governing statute of limitations.

Davis alleges that TDCJ officials wrongfully refused to lift a parole hold in 2008, causing him to serve extra time on one of his sentences. Civil rights claims brought under 42 U.S.C. § 1983 are governed by the two-year statute of limitations provided by Texas law. See Piotrowski v. City of Houston, 237 F.3d 567, 576 (5th Cir. 2001); Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a). This means that the plaintiff had two years from the time that his claims accrued to file a civil rights complaint concerning his allegations. See Gonzales v. Wyatt, 157 F.3d 1016, 1020 (5th Cir. 1998) (noting that a cause of action accrues, so that the two-year statute of limitations begins to run, when the plaintiff knows or has reason to know of the injury which is the basis of the action).

Davis's claim of wrongful imprisonment arose no later than 2008, when he was allegedly due to be released on parole from the three-year sentence he complains about. The complaint in this action is dated July 29, 2013, which is well beyond the limitations period. Claims that are plainly barred by the applicable statute of limitations are subject to dismissal as legally frivolous. See Gartrell v. Gaylor, 981 F.2d 254, 256 (5th Cir. 1993). Because Davis waited more than two years from the time his claims accrued

to file suit, his complaint is untimely and will be dismissed as legally frivolous.[3] See id.

### III. Conclusion

Based on the foregoing, the court **ORDERS** as follows:

1. The plaintiff's Complaint Under 42 U.S.C. § 1983, Civil Rights Act (Docket Entry No. 1) is **DISMISSED with prejudice** under 28 U.S.C. § 1915A(b) as legally frivolous.

2. The dismissal will count as a strike for purposes of 28 U.S.C. § 1915(g).

The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the parties. The Clerk will also provide a copy of this Order by regular mail or e-mail to: (1) the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas 78711; and (2) the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas 75702, Attention: Manager of the Three-Strikes List.

**SIGNED** at Houston, Texas, on this the 21st day of May, 2015.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE

---

[3]Alternatively, because Davis does not show that his sentence was invalidated or overturned in his favor, he cannot recover damages for allegedly unconstitutional imprisonment under the rule in Heck v. Humphrey, 114 S. Ct. 2364 (1994). See Randell v. Johnson, 227 F.3d 300 (5th Cir. 2000) (per curiam) (holding that Heck will bar a suit for damages due to unconstitutional confinement even where habeas review is no longer available).